UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEEGAN T. TRENTZSCH,

        Plaintiff,

v.

                                  Case No. 18-cv-1745-pp

STATE OF WISCONSIN DHS,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

---

        The plaintiff, who is representing himself, has sued the State of Wisconsin Department of Health Services, alleging employment discrimination. Dkt. No. 1. He also has asked to proceed with the lawsuit without prepaying the filing fee. Dkt. No. 20. The court grants the motion, screens the complaint and will require the plaintiff to file an amended complaint by the date specified at the end of the order.

**I.    Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

        "Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees' . . . ." Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) (emphasis in the original). The plaintiff's request to proceed without prepaying the filing fee indicates that at the time he filed the complaint, he was not employed, that he had income of $1,709 per month from long-term disability, that he had

1

monthly expenses of $1,755, that he was behind on his credit card payments, that he owns a 2011 car on which he owes $9,000 and a house with no equity and that he had less than $400 in the bank. Dkt. No. 2. The court concludes that at the time he filed the complaint, the plaintiff did not have the funds to prepay the $350 filing fee and the $50 administrative fee.

This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit has held that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997) (emphasis in the original). The plaintiff must pay the $350 filing fee as he is able.

## II.     Screening the Complaint

In any case in which the court grants a plaintiff's request to proceed without prepaying the filing fee, the court "shall" dismiss the case "at any time" if it determines that the case is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to

2

Case 2:18-cv-01745-PP    Filed 08/20/20    Page 2 of 8    Document 4

relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

A. Facts

The plaintiff alleges that between January 2017 and July 2017, the defendant failed to accommodate his disability and treated him unequally in the terms and conditions of his employment. Dkt. No. 1 at 4. He says that his disability is a "mental health" disability. Id. He asserts that he "was refused a reasonable accommodation although [his] FMLA was specific to [his] needs," that he was "made fun of for [his] mental disability" and that he was "forced into a medical separation due to the lack of accommodation." Id. at 5. He says that he filed a charge with the EEOC in May 2017, and received a Notice of Right to Sue Letter on August 21, 2018. Id. In the section that asked what relief or damages the plaintiff requested, he responded, "Contact William Sulton." Id. at 5-6. Along with the complaint the plaintiff filed a Notice of Right to Sue Letter from the EEOC dated August 2, 2018. Dkt. No. 1-1.

3

B. <u>Analysis</u>

The plaintiff marked the box on the complaint that indicated that he is suing under the Americans with Disabilities Act, 42 U.S.C. §§12112, *et seq*. Dkt. No. 1 at 3.

> The Americans with Disabilities Act ("ADA") prohibits a covered employer from "discriminat[ing] against a qualified individual on the basis of a disability." 42 U.S.C. § 12112(a). A "qualified individual" is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position." *Id.* § 12111(8). There are two types of discrimination claims under the ADA. *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 224 (7th Cir. 2015). "First is a disparate treatment claim, where the plaintiff alleges the employer treated him or her differently because of the plaintiff's disability." *Id.* (citing *Sieberns v. Wal-Mart Stores, Inc.*, 125 F.3d 1019, 1021-22 (7th Cir. 1997)). "The second is the employer's failure to provide a reasonable accommodation." *Id.*

<u>Tonyan v. Dunham's Athleisure Corp.</u>, 966 F.3d 681, 688 (7th Cir. July 20, 2020). The plaintiff appears to be alleging both kinds of claims. His assertion that he was made fun of and forced into a medical separation due to his disability sounds like a disparate treatment claim, and he also says the defendant failed to accommodate his disability.

To state a claim for disparate treatment, the plaintiff must state sufficient facts to show that he is disabled, that he is able to perform the essential functions of his job either with or without a reasonable accommodation and that he suffered an adverse employment action because of his disability. <u>Majors v. General Elec. Co.</u>, 714 F.3d 527, 533 (7th Cir. 2013) (citing <u>Povey v. City of Jeffersonville, Ind.</u>, 697 F.3d 619, 622 (7th Cir. 2012)). To meet the "disabled" element, the plaintiff must show that he had a physical

4

or mental impairment that "substantially limits one or more [of his] major life activities," or that he has a record of such an impairment or that he is regarded as having such an impairment. 42 U.S.C. §12102(1). To meet the "qualified individual" element, he must allege that he was able to perform the essential functions of his job, either with or without a reasonable accommodation. 42 U.S.C. §12111(8). To meet the "adverse employment action" element, the plaintiff must show that he suffered a "[m]aterially adverse employment action[]," such as a diminishment of his compensation, fringe benefits or other financial terms of his employment. Kurtzhals v. Cty. of Dunn, No. 19-3111, 2020 WL 4580550, at *3 (7th Cir. Aug. 10, 2020) (quoting O'Neal v. City of Chi., 392 F.3d 909, 911 (7th Cir. 2004)). He also must show that he "would not have suffered the same adverse employment action if he were not disabled and everything else had remained the same." Id. (citing Graham v. Arctic Zone Iceplex, LLC, 930 F.3d 926, 929 (7th Cir. 2019)).

The plaintiff has not provided the court with enough information to allow it to determine whether he has stated a claim for disparate treatment under the ADA. Other than saying that it is "mental health," the plaintiff has not identified his disability, so the court cannot tell whether it is the kind of disability that would substantially limit one or more of his major life activities. He has not indicated what job he held with the defendant, or what the requirements were for that job. He has not indicated that he was able to perform those job requirements (whether with or without a reasonable accommodation). He says that he was forced into a medical separation—

5

perhaps he is arguing that he was forced to leave his job, which might constitute an adverse employment action, but that is not clear.

The plaintiff also has not described who did these things to him. Who made fun of him? What adverse impact did that have on his job? Who forced him into a medical separation? Why was he on FMLA leave and for how long? Without this information, the court cannot determine whether the plaintiff has stated a claim for disparate treatment discrimination.

To state a claim for failure to accommodate under the ADA, the plaintiff must again show that he was a qualified individual, and must show that the defendant was aware of his disability and failed to reasonably accommodate it. Preddie v. Bartholomew Consol. Sch. Corp., 799 F.3d 806, 813 (7th Cir. 2015) (citing Kotwica v. Rose Packing Co., 637 F.3d 744, 747-48 (7th Cir. 2011)). As with his disparate treatment claim, the plaintiff has not stated sufficient facts to allow the court to determine whether he has stated a failure-to-accommodate claim. The court cannot tell whether he was a qualified individual, because he has not described his job or its requirements and has not said whether he was able to perform the requirements of the job. While he says that he was "made fun of" because of his disability, the plaintiff has not identified the disability or described how he knows the defendant was aware of it. He has not explained to whom he made his request for accommodate, what accommodation he requested or who denied the request.

The court will give the plaintiff the opportunity to amend his complaint to provide the court with the information it needs. Along with this order, the court

will send the plaintiff a blank complaint form and a copy of the guide, "Answers to Pro Se Litigants' Common Questions." On the first page of the blank complaint form, the plaintiff should write the word "Amended" next to the caption "Complaint for Employment Discrimination." On the line next to "Case No.," he should write the case number for this case—18-cv-1745-pp. On page 4, under subsection D ("Defendant(s) discriminated against me based on my"), the plaintiff should write in the line under "disability or perceived disability" a specific description of his disability. Under subsection E, the facts section, he should explain when he worked for the defendant, what job he held, what his job responsibilities were. He should explain who made fun of him and what they did, who he asked for a reasonable accommodate, what accommodation he requested and who denied it. He should explain how his medical separation came about. If, by the deadline set below, the plaintiff files an amended complaint that complies with this order, the court will screen it.

      The court notes that on page 6, under Section V, "Relief," the plaintiff simply wrote "Contact William Sulton." Dkt. No. 1 at 5. Attorney William F. Sulton of the law firm of Gingras, Thomsen & Wachs practices in this district, and has had cases before this court. If Attorney Sulton is representing the plaintiff in this case, then Attorney Sulton should be the person filing the complaint. If Attorney Sulton is *not* representing the plaintiff, it is the *plaintiff's* responsibility to contact Attorney Sulton and collect any information he believes Attorney Sulton has that might be helpful to his case. It is not the court's responsibility to contact Attorney Sulton on the plaintiff's behalf to ask

7

what relief the plaintiff requests. Further, the plaintiff should be aware of what relief he is requesting—money damages or some other form of relief.

### III. Conclusion

The court **GRANTS** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff must pay the $350 filing fee over time as he is able.

The court **ORDERS** that if the plaintiff wishes to proceed with this lawsuit, he must file an amended complaint that complies with this order. The court **ORDERS** that the plaintiff must file the amended complaint in time for the court to *receive* it by the end of the day on **September 25, 2020**. If the court does not receive an amended complaint by the end of the day on September 25, 2020, the court will dismiss this case without further notice or hearing.

Dated in Milwaukee, Wisconsin this 20th day of August, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**