UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEEGAN T TRENTZSCH,

        Plaintiff,

                                      Case No. 18-cv-1745-bhl

    v.

STATE OF WISCONSIN DHS,

        Defendant.

### SCREENING ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE

      Trentzsch filed her first *pro se* complaint on November 2, 2018, along with a motion for leave to proceed without prepaying the filing fee. ECF No. 1, 2. On August 20, 2020, the court granted the Trentzsch's motion to proceed *in forma pauperis* but ordered her to file an amended complaint by a date certain for failure to state a claim. ECF No. 4. Trentzsch timely filed her amended complaint, ECF No. 5, which is now before the court for review pursuant to 28 U.S.C. §1915(e)(2).

      To state a cognizable claim for relief, an amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court is obliged to liberally construe a *pro se* plaintiff's allegations. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

      In her amended complaint, Trentzsch alleges that her former employer, the State of Wisconsin Department of Health Services (DHS), discriminated against her by failing to accommodate her disabilities of P.T.S.D., anxiety, and major depressive disorder and by treating her unequally in the terms and conditions of her employment. Trentzsch claims the

discrimination occurred between January and July 2017 and reports that she is no longer employed by DHS.  In support of her claims, Trentzsch says only that "a reasonable accommodation was requested and was not provided" and gives one example of how she believes she was made fun of at work.  As relief, Trentzsch requests damages for loss of wages, loss of social status, and an increase in her anxiety, P.T.S.D., and depression.

The court's August 20, 2020 order explained to Trentzsch in detail what kinds of facts would be necessary to state claims for employment discrimination by disparate treatment and for failure to accommodate.  But even when reading Trentzsch's amended complaint liberally, it contains insufficient information to state either claim.  *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988) ("The protections built in for the *in forma pauperis* system would be meaningless if persons were allowed to proceed *in forma pauperis* with complaints that do not supply sufficient facts from which a reasonable inference could be made that the rights of the petitioner were violated … Although a district court must give such pleadings a liberal construction, this does not mean that the district court must invent factual scenarios that cannot be reasonably inferred from the pleadings.").  Trentzsch shares no details about her status as a qualified individual, her request for reasonable accommodations, or DHS's denial of her request.  The amended complaint is similarly devoid of facts explaining DHS's awareness of Trentzsch's disabilities and DHS's role in her departure from work.

After reviewing Trentzsch's amended complaint, the court will dismiss this case for failure to state a claim.  Because "the allegations show that an arguable claim is 'indisputably absent,'" and because Trentzsch had an opportunity to cure the deficiencies within her complaint, the dismissal under 28 U.S.C. §1915(e)(2)(B)(ii) will be with prejudice.  *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988).  Accordingly,

**IT IS HEREBY ORDERED** that the case is **DISMISSED WITH PREJUDICE** for failure to state a claim.

SO ORDERED on October 8, 2020.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge